UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **VIASTAR ENERGY, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CAUSE NO.  1:05-1095-DFH-WTL |
| ) | |
| **MOTOROLA, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## ENTRY ON MOTION TO AMEND ANSWER

This cause is before the Magistrate Judge on the Defendant's Motion to Amend Its Answer to Plaintiff's Second Amended Complaint, and for Leave to File Its Amended Answer Under Seal.  The motion is fully briefed, and the Magistrate Judge, being duly advised, **DENIES** the Defendant's motion for the reasons set forth below.  The Magistrate Judge also **DENIES AS MOOT** the Plaintiff's motion for oral argument.  The Defendant shall file its answer to Count II[1] **within 7 days of the date of this Entry**; it may file that pleading under seal.

The Court recently denied the Defendant's motion to dismiss Count II of the second amended complaint and ordered the Defendant to file its answer to Count II by July 7, 2006.  Instead, on July 10th the Defendant filed the instant motion seeking to file an amended answer that not only addresses Count II, but also changes numerous other paragraphs of its answer.

The deadline for filing motions to amend the pleadings in this case was March 27, 2006.  The Defendant does not acknowledge that, because its motion was filed after this deadline, Federal Rule of Civil Procedure 6(b) requires it to demonstrate good cause for the amendment.

---

[1] The Defendant shall file an amended answer that is identical in all respects to its initial answer except that it includes its answer to Count II.

*See Trustmark Ins. Co. v. General & Cologne Life Re of America,* 424 F.3d 542, 553 (7th Cir. 2005) ("To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause.'").  Instead, the Defendant incorrectly argues that its motion should be considered under the liberal standard of Rule 15(a), and asserts that, under that standard, it should be granted leave to amend because its amendment would "better reflect its understanding and positions in the lawsuit based upon its ongoing investigation of the underlying facts and issues since the filing of its original Answer to the Second Amended Complaint" and because "Motorola's prior Answer was filed by its predecessor counsel, and its new attorneys wish to have their own responsive pleading on file." The Defendant further notes that "[d]iscovery is ongoing, and is still in the paper discovery phase, with no depositions having yet taken place"and argues that the Plaintiff will not be unduly prejudiced by the proposed amendment.

      The Defendant has not demonstrated, or even attempted to demonstrate, that good cause exists to permit its untimely amendment. Accordingly, its motion to amend is denied.

      One final note: The Plaintiffs' brief contains a great deal of unnecessary and inflammatory rhetoric, to which the Defendant apparently felt compelled to respond in its reply. The parties should refrain from this behavior in the future and shall ensure that their briefs pertain strictly to the matter at hand.

      SO ORDERED:   08/10/2006

_William T. Lawrence_

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via email