UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VIASTAR ENERGY, LLC, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|     vs. | )   CAUSE NO.  1:05-1095-DFH-WTL |
| | ) |
| MOTOROLA, INC., | ) |
| | ) |
|    Defendant. | ) |

ENTRY ON MOTION TO COMPEL

This cause is before the Court on the Plaintiff's Motion to Compel Production of

Documents Regarding Products Developed by Motorola.  The motion is fully briefed, and the

Court has heard the parties' oral arguments regarding it.  For the reasons set forth below, the

motion is **DENIED**.

Plaintiff ViaStar Energy, LLC ("ViaStar") alleges in this action that Defendant Motorola,

Inc. ("Motorola") breached the Development and Product Supply Agreement ("Agreement")

between the parties pursuant to which Motorola  was to design an Automated Meter Reading

("AMR") device and sell it ("The Product") and any upgrades to it exclusively to ViaStar.  The

Agreement also provided that in the event that Motorola developed and marketed a Substantially

Similar Product ("SSP") as defined in the Agreement,  it would pay ViaStar a participation fee

for each sale of the SSP.  ViaStar seeks declaratory judgment as to Motorola's obligation to pay

the participation fee in the event that it markets an SSP.

At issue in the instant motion is whether ViaStar is entitled to discovery regarding any

AMR products that Motorola is developing or has developed other than the one it has sold to

ViaStar (hereinafter "Other AMR Products").  ViaStar first requested all documents related to

such products; Motorola objected on burdensomeness and relevance grounds.  ViaStar then

offered the following compromise:

> For each product:
>
> a.    That Motorola has developed or is developing, regardless of the stage of such development; and
>
> b.    That is, may be, is expected to be, or is designed to be, capable of reading or collecting data from utility meters, including without limitation water, gas, and/or electric meters, and/or to work in any way in conjunction with such a utility meter;
>
> ViaStar requests that Motorola produce:
>
> a.    A detailed description of each such product; and
>
> b.    A prototype of each such product; and
>
> c.    The technical specifications for each such product.

Motorola still objects, arguing that ViaStar is not entitled to any information about its highly

confidential product development activities because that activity is irrelevant to the claims and

defenses in this case.  The Court agrees.

ViaStar does not allege that Motorola has sold any Other AMR Product, and further does

not allege that Motorola is obligated to pay it a participation fee prior to it making such a sale.

Nonetheless, ViaStar argues that it is entitled to discovery regarding Other AMR Products that

Motorola has in development because Motorola might sell those products in the future and then

"further breach" the Agreement by failing to pay ViaStar a participation fee.  The Court would

agree that ViaStar is entitled to information about any Other AMR Product that Motorola

actually sells, even if Motorola does not agree that the sale of that particular product triggers the

participation fee (because, e.g., it does not agree that the product is an SSP under the

Agreement).  However, Motorola is not obligated to keep ViaStar abreast of its product

development progress when it undisputedly has not made any sales of Other AMR Products.

ViaStar also alleges that it is entitled to the information it seeks because the Agreement obligates Motorola to make any upgrade to The Product available for sale to ViaStar and therefore ViaStar is entitled to determine whether Motorola has developed any such upgrade. However, as Motorola notes in its response to the instant motion, "[t]he only claims ViaStar has pled that relate to alleged 'Upgrades' concern whether Motorola had an obligation to develop an 'encoded' product.  Nowhere does ViaStar seek relief related to other undisclosed, unspecified, and unknown 'Upgrades' to the Product, or even allege that they exist."  Whether Motorola's encoded product constitutes an "upgrade" under the Agreement is a key issue in this case, and Motorola stated during oral argument that has produced all requested information that is relevant to that issue.  ViaStar has not demonstrated that, given the claims in this case, it is entitled to sift through other products Motorola has in development in order to determine whether any of them might qualify as an "upgrade" to The Product.

SO ORDERED:   10/04/2006

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via email

3