UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **VIASTAR ENERGY, LLC,** | ) | |
| | ) | |
|   Plaintiff, | ) | |
| | ) | |
|     vs. | ) | CAUSE NO.  1:05-1095-DFH-WTL |
| | ) | |
| **MOTOROLA, INC.,** | ) | |
| | ) | |
|   Defendant. | ) | |

## ENTRY ON MOTION FOR PROTECTIVE ORDER

This cause is before the Court on the motion of Plaintiff Viastar Energy, LLC ("Viastar") entitled Motion for Protective Order Quashing Untimely Deposition and Document Subpoenas Issued to 14 Non-Parties.  The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

At issue is Defendant Motorola, Inc.'s ("Motorola") document and deposition subpoenas issued on November 21, 2006, to 14 non-parties seeking discovery relevant to Viastar's claim for lost profits.  Viastar's objection to this discovery is that it should have been conducted sooner and that with trial scheduled to begin on January 22, 2007, it is too burdensome for its counsel to attend the depositions and review any documents produced while also preparing for trial.  Viastar also argues that Motorola has not previously identified these non-parties or put Viastar on notice that it would be seeking this type of non-party discovery.[1]

The Court is sympathetic to Viastar's position; clearly the schedule in this case is a demanding one.  However, Motorola has consistently mentioned during the status conferences in this case that it intended to conduct discovery on the lost profits issue if it lost its motion for

---

[1]Viastar suggests that it might have substantive objections to the discovery sought as well its timeliness objection, but it does not specify what those substantive objections are.

partial summary judgment on that issue. It was not unreasonable to postpone discovery on the lost profits issue until after the ruling on the motion was issued, and if Viastar disagreed with that position it could, and should, have requested that Motorola be required to move forward with the discovery while the motion was pending. Further, while it would have been preferable for things to move more quickly, the Court cannot say that Motorola's delay between Judge Hamilton's October 26th ruling and the issuance of the subpoenas on November 21st was excessive.

The deposition schedule proposed by Motorola is aggressive and, quite frankly, likely unworkable in light of the holidays and the likelihood that the non-party witnesses will be unavailable. The parties shall work together to make the schedule as manageable as possible for all concerned.

In light of this ruling, the telephonic conference set for December 7, 2006, is vacated.

SO ORDERED: 12/07/2006

_____
Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via email